## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JODI C. HERMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:18-cv-01998** |
| | § | |
| **TRANSWORLD SYSTEMS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Transworld Systems, Inc. ("TSI"), through counsel and under the Federal Rules of Civil Procedure, hereby submits this Answer and Affirmative Defenses to the complaint filed by plaintiff, Jodi C. Herman ("plaintiff"), and states:

### Nature of the Action

1.      In response to ¶ 1, TSI admits that plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392, *et seq.*, but denies any violations, liability, or wrongdoing under the law and denies that plaintiff is entitled to damages or other relief.

### Jurisdiction and Venue

2.      TSI avers the allegations contained in ¶ 2 are legal conclusions to which no response is required.  To the extent a response is required, TSI admits this Court has subject matter jurisdiction.

1

3.      TSI avers the allegations contained in ¶ 3 are legal conclusions to which no response is required.  To the extent a response is required, TSI admits venue is proper.

**Parties**

4.      TSI avers the allegations contained in ¶ 4 are legal conclusions to which no response is required.  To the extent a response is required, TSI admits the allegations on information and belief.

5.      TSI denies the address stated in ¶ 5 is its principal place of business, but admits the remaining allegations contained in ¶ 5.

**Factual Allegations**

6.      In response to ¶ 6, TSI admits that an account in Plaintiff's name was placed with TSI for collection in February 2018.  Except as expressly admitted, TSI denies the remaining allegations in ¶ 6.

7.      In response to ¶ 7, TSI admits its account records reflect that calls were placed to a telephone number ending in 1621 in connection with Plaintiff's account.

8.      TSI denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9.      TSI denies the allegations contained in ¶ 9.

10.     TSI denies the allegations contained in ¶ 10.

11.     TSI denies the allegations contained in ¶ 11.

12.     TSI denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13.     TSI denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14.     TSI denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.

15.     TSI denies the allegations contained in ¶ 15.

16.     TSI denies the allegations contained in ¶ 16.

17.     TSI denies the allegations contained in ¶ 17.

18.     In response to ¶ 18, TSI admits its account records reflect that calls were placed in connection with Plaintiff's account.

**Damages**

19.     TSI denies the allegations contained in ¶ 19.

20.     TSI denies the allegations contained in ¶ 20.

21.     TSI denies the allegations contained in ¶ 21.

22.     TSI denies the allegations contained in ¶ 22.

**Count I – Fair Debt Collection Practices Act**

23.     TSI reasserts the foregoing as if fully stated herein.

24.     TSI avers the allegations contained in ¶ 24 are legal conclusions to which no response is required.  To the extent a response is required, TSI admits the allegations contained in ¶ 24 on information and belief.

25.     TSI avers the allegations contained in ¶ 25 are legal conclusions to which no response is required.  To the extent a response is required, TSI admits the allegations contained in ¶ 25 on information and belief.

26.     TSI avers the allegations contained in ¶ 26 are legal conclusions to which no response is required.  To the extent a response is required, TSI admits that when it engages in certain activities it comes within the definition of "debt collector" set forth at 15 U.S.C. § 1692a(6).  TSI further admits its principal business is providing debt collection related services.

27.     TSI avers the allegations contained in ¶ 27 are legal conclusions to which no response is required.  To the extent a response is required, TSI denies the allegations contained in ¶ 27.

28.     TSI avers the allegations contained in ¶ 28 are legal conclusions to which no response is required.  To the extent a response is required, TSI admits its account records reflect that telephone calls were placed in connection with Plaintiff's account.

29.     In response to ¶ 29, TSI admits its account records reflect that telephone calls were placed in connection with Plaintiff's account.

30.     TSI denies the allegations contained in ¶ 30.

31.     TSI denies the allegations contained in ¶ 31.

32.     TSI denies the allegations contained in ¶ 32.

33.     TSI denies the allegations contained in ¶ 33.

34.     TSI denies the allegations contained in ¶ 34.

35.     TSI denies the allegations contained in ¶ 35.

36.     TSI denies the allegations contained in ¶ 36.

37.     TSI denies the allegations contained in ¶ 37.

38.     TSI denies the allegations contained in ¶ 38.

39.     TSI denies the allegations contained in ¶ 39.

## Count II – Telephone Consumer Protection Act

40.     TSI reasserts the foregoing as if fully stated herein.

41.     TSI denies the allegations contained in ¶ 41.

42.     TSI avers the statute cited in ¶ 42 speaks for itself and refers all matters of law to the Court.

43.     TSI denies the allegations contained in ¶ 43.

44.     TSI avers the case authority cited in ¶ 44 speaks for itself and refers all matters of law to the Court.

45.     TSI avers the case authority cited in ¶ 45 speaks for itself and refers all matters of law to the Court.

46.     TSI denies the allegations contained in ¶ 46.

47.     TSI denies the allegations contained in ¶ 47.

48.     TSI denies the allegations contained in ¶ 48.

49.     TSI denies the allegations contained in ¶ 49.

50.     TSI denies the allegations contained in ¶ 50.

51.     TSI denies the allegations contained in ¶ 51.

52.     TSI denies the allegations contained in ¶ 52.

53.     TSI denies the allegations contained in ¶ 53.

## Count III: Texas Debt Collection Act

54.     TSI reasserts the foregoing as if fully stated herein.

55.     TSI avers the allegations contained in ¶ 55 are legal conclusions to which no response is required.   To the extent a response is required, TSI admits the allegations contained in ¶ 55 on information and belief.

56.     TSI avers the allegations contained in ¶ 56 are legal conclusions to which no response is required.   To the extent a response is required, TSI admits the allegations contained in ¶ 56 on information and belief.

57.     TSI avers the allegations contained in ¶ 57 are legal conclusions to which no response is required.  To the extent a response is required, TSI admits that when it engages in certain activities it comes within the definition of "debt collector" set forth at Tex. Fin. Code Ann. § 392.001(6), (7).  TSI further admits its principal business is providing debt collection related services.

58.     TSI avers the case authority cited in ¶ 58 speaks for itself and refers all matters of law to the Court.

59.     TSI denies the allegations contained in ¶ 59.

60.     TSI denies the allegations contained in ¶ 60.

61.     TSI denies the allegations contained in ¶ 61.

62.     TSI denies that Plaintiff is entitled to the damages and other relief set forth in his prayers for relief under the FDCPA, TCPA, and TDCA.

### TSI'S AFFIRMATIVE DEFENSES

1.     To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2.      TSI denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of TSI's purported violations.

3.      One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4.      Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce his damages.

5.      Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than TSI who were beyond the control or supervision of TSI or for whom TSI was and is not responsible or liable.

6.      Plaintiff has failed to state a claim against TSI upon which relief may be granted.

7.      One or more of the telephone calls made to the plaintiff was not made to a wireless, i.e., cellular, telephone.

8.      Plaintiff consented and authorized calls to the phone numbers in question.

9.      The phone calls made to the plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

10.     The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

11.     The plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

WHEREFORE, Defendant, Transworld Systems, Inc., requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Respectfully Submitted,

/s/ *Charles R. Penot, Jr.*
Charles R. Penot, Jr. (TX Bar # 24062455)
Sessions, Fishman, Nathan & Israel, LLC
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone: (214) 741-3009
Facsimile: (214) 741-3055
Email: cpenot@sessions.legal

*Attorney for Defendant,*
*Transworld Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2018, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Southern District of Texas and served via CM/ECF upon the following:

Omar T. Sulaiman
Marwan R. Daher
Alexander J. Taylor
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
osulaiman@sulaimanlaw.com
mdaher@sulaimanlaw.com
ataylor@sulaimainlaw.com

/s/ *Charles R. Penot, Jr.*
Charles R. Penot, Jr.